

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VITTORIA CONN, on behalf of herself and all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>DEWEY & LEBOEUF LLP,<br><br>　　　　　　　　　Defendant. | CLASS ACTION COMPLAINT<br><br>Case No. -_____- |

Plaintiff Vittoria Conn ("Plaintiff") alleges on her own behalf and on behalf of the class of those similarly situated as follows:

## NATURE OF THE ACTION

1.　The Plaintiff brings this action on behalf of herself, and the other similarly situated former employees who worked for Dewey & LeBoeuf LLP ("Defendant"), and who were ordered terminated without cause, as part of, or as the result of, mass layoffs or plant closings by Defendant on or about May 7th, effective May 11, 2012, and within thirty (30) days of that date, who were not provided 60 days advance written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.*, and 90 days advance written notice of their terminations by Defendant, as required by the New York Worker Adjustment and Retraining Notification Act ("NY WARN Act") New York Labor Law ("NYLL") § 860 *et seq.* (collectively, the "WARN Acts").

2.　Plaintiff and all similarly situated employees seek to recover up to 60 days wages and benefits, pursuant to 29 U.S.C. § 2104 and NYLL § 860-(G)(2), from Defendant. Defendant

is liable under the WARN Acts for its failure to provide Plaintiff and the other similarly situated former employees at least 60 days advance written notice of termination, as required by the WARN Acts.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 2104(a)(5).

4. The Plaintiff worked for Defendant, at its headquarters, in this district.

5. Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5) and NYLL § 860-G(7).

## THE PARTIES

### *Plaintiff*

6. Plaintiff Vittoria Conn was employed by Defendant and worked at the Defendant's headquarters at 1301 Avenue of the Americas, New York, New York (the "Facility," which is a facility as that term is defined by the WARN Acts.)

### *Defendant*

7. Upon information and belief at all relevant times, Defendant maintained and operated its business at the 1301 Avenue of the Americas, New York, New York, (the "Avenue of the Americas" Facility) and maintained and operated additional facilities, as that term is defined by the WARN Act (collectively the "Facilities").

8. Upon information and belief and at all relevant times, Defendant Dewey & LeBoeuf LLP ("Dewey & LeBoeuf") is a limited liability partnership with its principal place of business located at the Avenue of the Americas Facility and conducted business in this district.

2

9. On or about May 7, 2012, the Plaintiff and all similarly situated employees were employed by Defendant and worked at or reported to its Avenue of the Americas Facility and other facilities.

10. Upon information and belief, the Defendant made the decision to terminate the employees.

11. On May 7, 2012, Defendant ordered the mass layoff of its employees and terminated them effective May 11.

12. Defendant informed its employees that their last day of work was May 11, 2012.

13. Defendant did not provide Plaintiff or the similarly situated employees with advance notice of their terminations, which complied with the WARN Acts, prior to ordering the layoffs.

14. Upon information and belief, the Defendant terminated approximately 450 employees at its Facility on or about May 7, 2012 effective on or about May 11th.

### FEDERAL WARN CLASS ALLEGATIONS

15. Plaintiff brings the First Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.*, on her own behalf and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to Defendant's Facility and were ordered terminated without cause on or about May 7, 2012 effective May 11, 2012 and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about May 7, 2012 and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

16. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, it is estimated to equal or exceed 450, and the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

17. On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records of Defendant.

18. On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

19. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

    (a) whether the members of the WARN Class were employees of the Defendant who worked at or reported to Defendant's Facility;

    (b) whether Defendant, unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Acts; and

    (c) whether Defendant unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Acts.

20. The Plaintiff's claim is typical of those of the WARN Class. The Plaintiff, like other WARN Class members, worked at or reported to Defendant's Facility and was ordered terminated without cause effective on or about May 11, 2012, due to the mass layoffs and/or plant closings ordered by Defendant.

21. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it decided to order a mass layoff or plant closing at the Facility.

22. The Plaintiff will fairly and adequately protect the interests of the WARN Class. The Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Acts and employment litigation.

23. Class certification of these claims is appropriate under Fed.R. Civ.P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

24. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

25. Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

## NEW YORK WARN ACT CLASS ALLEGATIONS

26. Plaintiff brings the Second Claim for Relief for violation of NYLL § 860 *et seq.*, on behalf of herself and a class of similarly situated persons, pursuant to NYLL § 860-G (7) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to Defendant's Facility and were terminated without cause on or about May 7, 2012 effective May 11 2012, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about May 7, 2012, and who are affected employees, within the meaning of NYLL § 860-A (1),(4) and(6) (the "NY WARN Class").

27. The persons in the NY WARN Class identified above ("NY WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

28. On information and belief, the identity of the members of the class and the recent residence address of each of the NY WARN Class Members is contained in the books and records of Defendant.

29. On information and belief, the rate of pay and benefits that were being paid by Defendant to each NY WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

30. Common questions of law and fact exist as to members of the NY WARN Class, including, but not limited to, the following:

    (a)    whether the members of the NY WARN Class were employees of the Defendant who worked in a covered site of employment of Defendant;

(b) whether Defendant, unlawfully terminated the employment of the members of the NY WARN Class without cause on their part and without giving them 90 days advance written notice in violation of the NY WARN Act; and

(c) whether Defendant unlawfully failed to pay the NY WARN Class members 60 days wages and benefits as required by the WARN Acts.

31. The Plaintiff's claim is typical of those of the NY WARN Class. The Plaintiff, like other NY WARN Class members, worked at or reported to Defendant's Facility and was terminated on or about May 7, 2012 effective May 11, 2012, due to the termination of the Facility ordered by Defendant.

32. The Plaintiff will fairly and adequately protect the interests of the NY WARN Class. The Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the WARN Act, state laws similar to WARN, and employment litigation.

33. Class certification of these Claims is appropriate under Fed.R. Civ.P. 23(b)(3) because questions of law and fact common to the NY WARN Class predominate over any questions affecting only individual members of the NY WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of NY WARN Class action litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual NY WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

34. Concentrating all the potential litigation concerning the NY WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of

the parties and is the most efficient means of resolving the NY WARN Act rights of all the members of the Class.

35. Plaintiff intends to send notice to all members of the NY WARN Class to the extent required by Rule 23.

## CLAIM FOR RELIEF

### WARN Act Cause of Action

36. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

37. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 20 hours per week, exclusive of hours of overtime, within the United States.

38. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it decided to order a mass layoff or plant closing at the Facility.

39. At all relevant times, Plaintiff and the other similarly situated former employees were employees of Defendant as that term is defined by 29 U.S.C. §2101.

40. On or about May 7, 2012, the Defendant ordered a mass layoff or plant closing at the Facility, as that term is defined by 29 U.S.C. § 2101(a)(2).

41. The mass layoffs or plant closings at the Facility resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees as well as thirty –three percent of Defendant's workforce at the Facility, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

42. The Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendant at the Facility.

43. The Plaintiff and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 2101(a)(5).

44. Defendant was required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

45. Defendant failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

46. The Plaintiff is, and each of the Class Members are, "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

47. Defendant failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

48. The relief sought in this proceeding is equitable in nature.

## New York WARN Act Cause of Action

49. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

50. At all relevant times, Defendant was an individual or private business entity defined as "employer" under the NY WARN Act and continued to operate as a business until they decided to order a mass layoff or plant closing at the Facility as defined by § 860-A(3),(4).

51. On or about May 7, 2012, the Defendant ordered a mass layoff and/or plant closing at its Facility as defined by § 860-A(3),(4).

52. The New York Plaintiff and the Class Members suffered a termination of employment as defined by § 860-A(2)(C) having been terminated by Defendant without cause on their part.

53. Defendant was required by the NY WARN Act to give the New York Plaintiff and the Class Members at least 90 days advance written notice of their terminations pursuant to § 860-B.

54. Defendant failed to give the NY Plaintiff and the Class Members written notice that complied with the requirements of the NY WARN Act.

55. Defendant failed to pay the NY Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendant, jointly and severally:

A. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and 29 U.S.C. § 2104(a)(5), Plaintiff and the other similarly situated former employees constitute a single class;

B. Designation of the Plaintiff as Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of the Plaintiff and each of the "affected employees" equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Acts, 29 U.S.C. § 2104(a)(1)(4 and NYLL § 860-G(7).

E. Interest as allowed by law on the amounts owed under the preceding paragraph;

F. Plaintiff's reasonable attorneys' fees and the costs and disbursements that the Plaintiff incurred in prosecuting this action, as authorized by the WARN Acts, 29 U.S.C. § 2104(a)(6) and NYLL § 860-G(7);

G. Such other and further relief as this Court may deem just and proper.

Dated: May 10, 2012

Respectfully submitted,

By: _____
Jack A. Raisner (JR 6171)
René S. Roupinian (RR 3884)
**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Email: jar@outtengolden.com
Email: rsr@outtengolden.com

*Attorneys for Plaintiff and the Putative Class*